IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00436-LTB

**RICHARD D. GEORGE**,

      Plaintiff,

v.

**COLORADO DEPARTMENT OF CORRECTIONS; and
COLORADO SPRINGS PAROLE OFFICERS**,

      Defendants.

---

**ORDER OF DISMISSAL**

---

Plaintiff Richard D. George is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Plaintiff, acting *pro se*, initiated this action on March 2, 2015 by filing a Complaint alleging that his constitutional rights were violated. On March 26, 2015, Plaintiff was granted leave to proceed pursuant to 42 U.S.C. § 1915 (ECF No. 6).

**A. Mandatory Screening Provision and Standard of Review**

Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has been granted leave to proceed IFP in this action (ECF No. 6). Thus, his Complaint must be reviewed under the authority set forth above.

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555. When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted). Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe Mr. George's pleadings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* It is not the Court's duty to search voluminous pages of gibberish for statements which may

support a claim or a remedy.  *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir.

1995).  A *pro se* litigant must comply with the fundamental requirements of the Federal Rules of Civil

Procedure and a plaintiff's *pro se* status does not entitle him to application of different rules.  *Montoya*

*v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).  *Sua sponte* dismissal is proper when it is patently obvious

that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to

amend.  *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278,

1281–82 (10th Cir. 2001) (internal quotations omitted).

       For the reasons stated below, the Complaint and this action will be dismissed.

## B.  Plaintiff's Allegations and Claims

       In his Complaint, Mr. George alleges that when he was released on parole in 2012, his parole

officer, Officer Cook, told him to use a Walmart store to bathe in and recharge his ankle monitor.  He

claims that she did not provide him with motel or transportation vouchers and that he was forced to

violate his parole as a consequence.  He asserts that he has been charged with "escape" for leaving his

"Walmart" address.  He further states that Officer Cook testified at his preliminary hearing in October

of 2014 that he was a sexually violent predator (SVP) but that he never has been convicted of a sex

crime.   In his first claim, he asserts that Defendants are liable for forcing him to violate his parole by

failing to provide him with motel vouchers and directing him to live at Walmart.  In his second claim,

he asserts that Defendants "defamed" him when Parole Officer Cook testified at a preliminary hearing

in October of 2014 that he was a violent sex offender.  In his third claim, he states that Defendants

failed to provide him with necessities for successful reintegration into society.

## C.  *Younger* Abstention

       In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that federal courts must

refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996). The *Younger* abstention applies to pending criminal proceedings as well as parole revocation proceedings affecting state court orders. *See, e.g.*, *Maney v. Winges-Yanez,* Civil No. 6:13–CV–00981, 2014 WL 3778309 (D. Or. July 30, 2014); *Rushion v. Fuller*, Civil No. 13–CV–4277, 2013 WL 5406602, at * 4 (E.D.N.Y. Sept. 25, 2013).

Abstention under *Younger* is appropriate when three conditions are met.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). Furthermore, "Younger abstention is non-discretionary; it must be invoked [by the district court] once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. State Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

All three conditions are met in this action. First, state court proceedings are ongoing. Plaintiff's parole revocation proceeding has been continued until July 22, 2015 pending resolution of his pending escape charge. Second, a parole revocation proceeding is an adequate forum in which to raise his claims. Finally, state court criminal and parole revocation proceedings are traditional state law matters that implicate important state interests. In this regard, the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).

Additionally, the Supreme Court repeatedly has affirmed that a state's operation of its court system is an important state interest.  *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987). Consequently, this Court should abstain from reviewing Plaintiff's claims.

Moreover, Plaintiff's claims in the instant action do not state a claim upon which relief may be granted.

### D.  Limitations Period

Mr. George's Complaint concerns actions and alleged inactions by certain parole officers, most of which occurred in June of 2012.  These claims are time-barred.  In this regard, the limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law.  *See Wilson v. Garcia*, 471 U.S. 261, 272–76 (1985) (42 U.S.C. § 1983) (holding that the forum state's personal injury statute of limitations should be applied to all § 1983 claims).   In Colorado, the residual statute of limitations for all actions, including personal injury actions, provides a two-year limitations period.   C.R.S. § 13-80-102(1)(i).  *See also Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006) (recognizing two-year statute of limitations for § 1983 actions in Colorado).  The date when a civil rights action accrues (begins to run) is a matter of federal law.  *Albright v. Oliver*, 510 U.S. 266, 280 n. 6 (1994) (J. Ginsburg, concurring).  A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant.  *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted).

Mr. George's claims concerning the conditions of his release on parole occurred in June of 2012.  Because Plaintiff initiated the instant action on March 2, 2015, more than two years after such

claims accrued, they are untimely.  The court may dismiss a claim as time-barred where the running

of the applicable statute of limitations is clear from the face of the complaint and no further factual

record is required.  *See Fogle*, 435 F.3d at 1258; *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir.

1995).

### E.  Immunity

Moreover, Plaintiff cannot assert liability for damages against the named Defendants in this

action.   In this regard, Plaintiff names the Colorado Department of Corrections (CDOC) as a

Defendant in this action.  The CDOC is not a separate entity, it is an arm of the state.  The Eleventh

Amendment bars suits against the states absent an express and unambiguous waiver or abrogation by

Congress.  *See, e.g.,  Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).   State sovereign immunity is

more than immunity from liability—it actually deprives federal courts of subject-matter jurisdiction.

*Id*. at 678.  The Eleventh Amendment does permit suits for prospective injunctive relief against state

officials for violations of federal law, but not for retrospective relief such as money damages.  *Frew*

*ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).   Sovereign immunity is not confined to suits in

which the State is named as defendant, *Edelman*, 415 U.S. at 663; state agencies are entitled to

Eleventh Amendment immunity if they are "arms of the state," *Ambus v. Granite Bd. of Educ.*, 995

F.2d 992, 994 (10th Cir. 1993) (*en banc*) (internal quotation marks and citation omitted).  The CDOC

is such an agency.  *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988).

Here, Plaintiff brought suit against the CDOC seeking only money damages.  Congress did not

abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345

(1979), nor has the CDOC expressly waived its sovereign immunity.  *Griess*, 841 F.2d at 1044-45.

Accordingly, Mr. George cannot obtain a judgment for damages against the CDOC.

The remaining Defendant is labeled as "Colorado Springs Parole Officers." A defendant is entitled to absolute immunity "[w]hen performing functions that are 'quasi-judicial' in nature." *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). Absolute immunity has been granted to probation and parole officers with respect to some, but not all, activities. *See Snell v. Tunnell*, 920 F.2d 673, 692 n. 18 (10th Cir. 1990). For example, absolute immunity has been granted to officers who allegedly made false statements in a pretrial bond report and a presentence report as "such functions of the probation officer are integrally related to the judicial function." *Id.* In the instant case, the only actions complained within the limitations period concern Officer Cook's alleged testimony at a preliminary hearing. A trial witness has absolute immunity with respect to any claim based on the witness' testimony. *Briscoe v. LaHue*, 460 U.S. 325, 330 (1983). Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Quinn files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED May 18, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

7